GEORGE B. LYNDE & another *vs.* JAMES W. THOMPSON.

A. and B. made an agreement in writing, by which A. agreed, on or before a certain time, to sell and deliver up all his stock and trade, and tools used in manufacturing tin ware to B., at specified rates, which B. agreed to pay therefor. The agreement further contained the following clause: "It is also hereby agreed between the parties that, in case either party shall fail to comply with the terms of this agreement, the party so failing shall forfeit to the other party the sum of three hundred dollars, which shall be paid in full, on or before the forfeiture as above." *Held,* that on a failure by B. to perform the contract he was liable for the full sum of three hundred dollars as liquidated damages.

CONTRACT, upon the following agreement:

"This agreement, made this sixth day of March A. D. 1860, between George B. Lynde and A. H. Knapp, now doing business in Gardner under the firm of G. B. Lynde & Co., of the one part, and J. W. Thompson, of said Gardner, of the other part, witnesseth: That the said G. B. Lynde & Co., for the

consideration hereinafter named, promise and agree to deliver up to said Thompson, on or before the 17th instant, all of their entire stock and trade, it being such kinds of stock generally as is used for the tin manufacturing business, with all their tools used for and about said manufacturing, excepting from the same one horse, harness and wagon. This stock to be taken at the billed prices, so far as the bills for the same may be had, of the purchase. The remainder of said stock and tools to be taken at the appraisal of James F. Davis, of Barre. In consideration whereof the said Thompson, of the other part, hereby agrees to pay the said G. B. Lynde & Co. the full amount of said bills and appraisal upon the receipt and possession of the same articles, and within the above specified time. It is also hereby agreed between the parties that, in case either party shall fail to comply with the terms of this agreement, the party so failing shall forfeit to the other party the sum of three hundred dollars which shall be paid in full on or before the forfeiture as above.

" In witness whereof, we have interchangeably set our hands and seals the day and year first above written,

 " In presence of      G. B. Lynde & Co.  (L. S.)
 Thorley Collester.      J. W. Thompson.   (L. S.)"

At the trial in the superior court, evidence was introduced tending to show a refusal by Thompson to fulfil the agreement on his part, and *Vose*, J. instructed the jury that the sum of three hundred dollars was not to be taken as liquidated damages, but as a penalty, and that the plaintiffs were only entitled to recover the actual damages sustained by them. Upon evidence introduced, and instructions given, in reference to the actual damages, which are not now material, the jury returned a verdict for nominal damages only; and the plaintiffs alleged exceptions.

*C. H. B. Snow*, for the plaintiffs, cited *Chase* v. *Allen*, 13 Gray, 42; *Heard* v. *Bowers*, 23 Pick. 455; *Curtis* v. *Brewer*, 17 Pick. 513; *Gammon* v. *Howe*, 14 Maine, 250; *Chamberlain* v. *Bagley*, 11 N. H. 234; *Tingley* v. *Cutler*, 7 Conn. 291; *Mundy* v. *Culver*, 18 Barb. 336; *Pearson* v. *Williams*, 26 Wend. 630; *Dakin* v. *Williams*, 17 Wend. 447; *Cotheal* v. *Talmage*, 5 Selden, 551;

*Reynolds* v. *Bridge*, 37 Eng. Law & Eq. R. 123; *Crisdee* v. *Bolton*, 3 C. & P. 240; *Fletcher* v. *Dyche*, 2 T. R. 32; 2 Parsons on Con. 436.

*N. Wood*, for the defendant, cited *Shute* v. *Taylor*, 5 Met. 61; *Stearns* v. *Barrett*, 1 Pick. 443; *Merrill* v. *Merrill*, 15 Mass. 488; *Lawrence* v. *Parker*, 1 Mass. 191; *Jackson* v. *Baker*, 2 Edw. Ch. 471; *Curry* v. *Larer*, 7 Penn. State R. 470; *Baird* v. *Tolliver*, 6 Humph. (Tenn.) 186; *Gower* v. *Saltmarsh*, 11 Missouri, 271; *Tayloe* v. *Sandiford*, 7 Wheat. 13; *Kemble* v. *Farren*, 6 Bing 141; *Davies* v. *Penton*, 6 B. & C. 216; *Astley* v. *Weldon*, 2 B. & P. 346; *Horner* v. *Flintoff*, 9 M. & W. 678; 2 Greenl. Ev. § 258.

BIGELOW, C. J.   The parties to the contract, by the language which they have used to express their meaning, in the clause which stipulates for the payment of damages in the event of a breach of the agreement by either of them, seem to have intended that the sum of three hundred dollars should be regarded as liquidated and fixed as the measure of compensation, and that the extent of the actual injury occasioned by a failure to perform the contract should not be open to inquiry.   The stipulation is in express terms that the sum of three hundred dollars, in the event that either party fails to comply with the terms of the agreement, " shall be paid in full."   We are unable to find anything in other parts of the contract, or in the nature of the stipulations, or in the subject matter to which it relates, which controls or modifies this clear and explicit language.   The rules which have been laid down by courts of justice to guide them in giving an interpretation to similar clauses in contracts, which provide for the payment of a certain sum in case of a breach, either as a penalty or as liquidated damages, are founded on the presumed intent of the parties, as indicated by other parts of the agreement.   Thus in the leading case of *Kemble* v. *Farren*, 6 Bing. 141, it was held that the parties could not have intended that the sum of one thousand pounds should be paid in the event of a failure to comply with a stipulation for the payment of a very small sum or for any other slight breach of the contract, although the parties

had expressly agreed that the sum of one thousand pounds was to be "liquidated and ascertained damages, and not a penalty or in the nature thereof." So on the other hand, where the agreement was that a surgeon should not practise his profession at a certain place or within seven miles thereof, "under a penalty of five hundred pounds," it was held that this must be taken as a stipulation for the payment of the whole sum in the event of a breach of the contract, because the nature of the agreement and the difficulty of proving the specific damage occasioned by its violation tended to show that the parties intended it as a stipulation for ascertained damages. *Sainter* v. *Ferguson,* 7 C. B. 716, 728. The true mode of arriving at a just interpretation of the stipulation for damages in such cases is, to take into view the subject matter of the contract, the nature of the agreements into which the parties have respectively entered and the surrounding circumstances, in order to ascertain whether the intention was to provide for a fixed measure of damages or only to stipulate for a penalty. Where the intention is clear that the entire sum should be paid, it is the duty of the court to enforce the agreement, however hard or inequitable the exaction may seem. If the parties go to the extent of making an agreement in clear and explicit terms to pay a certain sum on the non-performance of a covenant to pay a smaller sum, it is impossible to avoid giving effect to such a contract. *Galsworthy* v. *Strutt,* 1 Exch. 659. It is only when the whole instrument is taken together and the intention is left doubtful that it becomes necessary to resort to the established rules of construction, in order to determine on which side of the line a particular stipulation falls. Some of the adjudged cases have gone very far in applying these rules, so as to defeat the clear and unequivocal language of the particular stipulation for the payment of damages, in order to carry out the plain general intent of the parties as indicated by other parts of the instrument. But in the case at bar, as in the case of *Chase* v. *Allen,* 13 Gray, 42, the agreement for the payment of damages corresponds with the intention of the parties as shown by the residue of the contract. There was only one object contem·

plated by the parties to the agreement declared on in this action. It was not a contract for the performance of divers acts of different degrees of importance, each of which could be easily estimated and measured in money. But it was a contract for the doing of a single specific act, and the sum named was in respect of a breach of this one stipulation only. The case therefore comes within the rule recognized in the adjudged cases, as being one in which there is only one event on the happening of which the money is to become payable, and there is no adequate means furnished by the contract or otherwise of ascertaining the precise damage which may result to the plaintiffs from the failure of the defendant to fulfil his part of the agreement. If the contract had been to pay a certain sum of money, or to purchase certain specific articles of merchandise, the value of which as between vendor and vendee could have been ascertained without difficulty, the measure of damages arising from a breach would have been certain and readily fixed, and the intent of the parties to stipulate for a penalty only would have been fairly inferrible. But such is not the nature of the present contract. It is an agreement for the sale of an entire stock in trade, and all the tools used by the plaintiffs in carrying on the manufacturing business. A transaction of such a nature, involving the transfer and surrender of the business and good will connected with the trade and manufacture in which the plaintiffs had been engaged, differs essentially from an ordinary agreement for the sale of goods or the payment of money. It is impossible to estimate with accuracy, or to measure by any definite or precise rule, the extent of damage which either party might sustain by reason of the breach of the contract. The necessity of taking an account of stock, the consequent interruption of business, the preparation to relinquish an old occupation and to engage in a new one, and other similar elements, would necessarily enter into the contemplation of parties in making an agreement like that which is the subject of the present action. But the impossibility of placing any estimate in money on the damage which might result from such causes is obvious, and leads to the reasonable inference that the

parties intended to fix the amount of compensation in the event of a breach by inserting a sum to be taken as liquidated damages in the literal sense of that term. The case of *Horner* v. *Flintoff*, 9 M. & W. 678, which was cited by the defendant as being similar to the case at bar, is distinguishable from it by the leading circumstance, that the contract in that case, unlike the present one, contained various stipulations of different degrees of importance, which led the court to the conclusion that the parties in that case did not intend that the whole sum named should be paid in the event of a breach of any one of them.

Some reliance was placed in argument on the fact that the word forfeit is used in the contract in connection with the stipulation for the payment of damages, as indicating that it should be construed as a penalty. But the force and effect of this word, as pointing to a penalty, is entirely overcome by the explicit agreement that the entire sum shall be paid in full, as well as by the other circumstances, which indicate the intent of the parties to agree on a fixed sum as the measure of damages.

*Exceptions sustained*